## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**KEITH LONDON**,

                Plaintiff,

     v.                               **Case No. 15-cv-428-pp**

**DAVID A. CLARKE, JR., JURIST JEAN DIMOTTO, J.B. VAN HOLLEN, JIM SCHWOCHERT, ROBERT BLANCO, ANDREA BENTHAL, MARC W. CLEMENTS, DYLON RADTKE, EDWARD WALLS, CATHY A. JESS, JOHN O'KEEFE, ANN SCARPITA, LYNN ADELMAN, WILLIAM GRIESBACH, L.V. TERAN, J.P. STADTMUELLER, AARON GOODSTEIN, GREG SCHULER, RICHARD POULSEN, JOHNATHAN D. WATTS, FRED KLIMETZ, SAM SCHNEIDER, SARA SCHNEIDER, ANTHONY A. OWENS, JR., EUGENE DETERT, SARA WILSON, and BROOKS FELDMAN,**

                Defendants.

---

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2) AND SCREENING THE PLAINTIFF'S COMPLAINT

---

The plaintiff, a state prisoner representing himself, filed a three-page document captioned as a "Complaint Arising Under Civil Rights Act, 42 U.S.C. §1983." The plaintiff names twenty-six defendants, whom he says claims his civil rights. The case comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis*, as well as for screening of the plaintiff's complaint.

1

## I.    *IN FORMA PAUPERIS* STATUS

The plaintiff filed his motion asking to proceed without pre-paying the filing fee on April 10, 2015. Dkt. No. 2. On May 27, 2015, the court issued an order, waiving the initial partial filing fee required by 28 U.S.C. §1915(b)(2). Dkt. No. 8. In that order, the court informed the plaintiff that if he wanted to voluntarily dismiss his complaint in order to avoid a PLRA "strike," he must do so by June 19, 2015. Id. at 3. June 19, 2015 came and went, and the plaintiff did not dismiss his case. Accordingly, the court now will determine whether to allow the plaintiff to proceed *in forma pauperis*.

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

However, a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. §1915(b)(4). As discussed above, on May 27, 2015, the court determined that the plaintiff lacked the funds to pay an initial partial filing fee. Dkt. No. 8. Accordingly, the court will grant the plaintiff's motion for leave to proceed *in forma pauperis*, and will allow the plaintiff to pay the balance of the

2

$350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II.     SCREENING OF PLAINTIFF'S COMPLAINT

A.     Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead

3

specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v.

4

Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.     Facts Alleged in the Proposed Complaint

In the document that purports to be the plaintiff's civil rights complaint, he states that "through 'Various Acts of Harassment,'" someone—it's not clear who—has created a climate that makes it impossible for him to pay his filing fee. Dkt. No. 1 at 3. As far as the court can tell, this document is a brief in support of the plaintiff's request to proceed *in forma pauperis*. It is not his complaint—the document in which he tells the court which of his constitutional rights he believes the twenty-six defendants have violated, and what makes him think they did so.

It may be relevant that on April 10, 2015, the day the plaintiff filed this complaint, he filed a total of five new cases. Perhaps the plaintiff meant to file this document, not as a separate complaint, but as a request for permission to proceed *in forma pauperis* in one of the other cases. None of the other cases, however, name the same set of defendants. And the plaintiff signed this document on a different day than he signed his complaints in the other cases.

The court next considers whether the plaintiff may have accidentally forgotten to submit the complaint itself. He mentions an affidavit attached to

5

the "motion," Dkt. No. 1 at 1, but nothing was attached to the document the plaintiff filed.

Regardless of the reason, the bottom line is that at this point, the plaintiff has not filed any document telling the court which of his constitutional rights he believes each of the twenty-six defendants violated, or what makes him believe his rights were violated. The court will give the plaintiff an opportunity to amend the complaint, but the court advises the plaintiff to consider carefully the defendants he names. For example, he has named one state court judge, one United States Magistrate Judge, and three United States District Judges. "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011).

If the plaintiff wants to proceed, he must file an amended complaint on or before **Monday, January 18, 2016**. If the court receives an amended complaint by that date, the court will screen that complaint pursuant to 28 U.S.C. § 1915A. If the plaintiff fails to file an amended complaint by that that date, the court will dismiss the case on the next business day, without further notice or hearing.

The court advises the plaintiff that the amended complaint must bear the docket number assigned to this case (15-cv-428) and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054,

1056-57 (7th Cir. 1998). In <u>Duda</u>, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" <u>Id.</u> at 1057 (citation omitted).

The court will provide the plaintiff with a copy of the court's §1983 complaint form and instructions. Civil Local Rule 9(b) requires *pro se* prisoners to use the court's form. If the plaintiff is unable to use the form due to his disability, he must at least follow the format of the complaint form.

### III.   CONCLUSION

The court **GRANTS** the plaintiff's application to proceed *in forma pauperis.* (Dkt. No. 2.) The court **ORDERS** the Secretary of the Wisconsin Department of Corrections or his designee to collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  The Secretary or his designee must clearly identify the payments by the case name and number. The court will send a copy of this order to the warden of the institution where the inmate is confined.

The court further **ORDERS** that the plaintiff shall file an amended pleading on or before **Monday, January 18, 2016**.

The court **ORDERS** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff,

who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court will send a copy of this order to the warden of the institution where the inmate is confined.

Dated in Milwaukee, Wisconsin this 8th  day of December, 2015.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**